U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

FEB 26 02

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TERRY SHIFLET and DEBRA SHIFLET, § § Plaintiffs, § § v. § § RICHARD A. SAWYERS, M.D.; § RICHARD A. SAWYERS, M.D., P.A.; § DANIEL DAVID DUGI, JR., M.D.; § SOUTH COAST HEALTH CARE OF § TEXAS, P.A. d/b/a SOUTH COAST § MEDICAL GROUP; § BOHMAN CLINIC PARTNERSHIP d/b/a § PHYSICIANS FAMILY HEALTH CENTER; § BLI RAY MARSTON, P.A; § CROSSROADS HEALTHCARE § MANAGEMENT, LLC; MANUS, INC.; § NIXON MED GROUP, INC.; § MEDLEG, INC.; and § PEGGY SUE STANCHOS, R.N., § § Defendants. § | **C-02-074** NO. V-02-32 **JURY DEMANDED** |

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Terry Shiflet and Debra Shiflet (hereinafter also referred to as "Plaintiffs"), and complain of Richard A. Sawyers, M.D., Richard A. Sawyers, M.D., P.A., Daniel David Dugi, Jr., M.D., South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group, Bohman Clinic Partnership d/b/a Physicians Family Health Center, Bli Ray Marston P.A., Crossroads Healthcare Management, LLC, Manus, Inc., Nixon Med Group, Inc., Medleg, Inc., and Peggy Sue Stanchos, R.N. (hereinafter also collectively referred to as "Defendants"), and for cause of action would respectfully show this Court as follows:

**1.00 PARTIES**

1.01 Plaintiffs Terry Shiflet and Debra Shiflet are residents of the State of Louisiana.

1.02 Defendant Richard A. Sawyers, M.D. is a licensed physician practicing in the State of Texas and residing in the State of Texas. Defendant Richard A. Sawyers, M.D. may be served with process at 115 Medical Drive, Suite 104, Victoria, TX 77904.

1.03 Defendant Richard A. Sawyers, M.D., P.A. is a Texas professional association registered to do business in the State of Texas and may be served with process by serving its registered agent, Richard A. Sawyers, M.D at 115 Medical Drive, Suite 104, Victoria, TX 77904.

1.04 Defendant Daniel David Dugi, Jr., M.D. is a licensed physician practicing in the State of Texas and residing in the State of Texas. Defendant Daniel David Dugi, M.D. may be served with process at 2500 North Esplanade, Suite 101, Cuero, Texas 77954.

1.05 Defendant South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group is a Texas professional association registered to do business in the State of Texas and may be served with process by serving its registered agent, Jesse V. DeLeon at 605 E. San Antonio, Suite 410E, Victoria, Texas 77901.

1.06 Defendant Bohman Clinic Partnership d/b/a Physicians Family Health Center is a partnership that filed a certificate in DeWitt County, Texas and may be served with process by serving either of its partners, Raymond R. Reese, M. D. or Daniel David Dugi, M.D. at 2500 N. Esplanade St., #101, Cuero, Texas 77954.

1.07 Defendant Bli Ray Marston, P.A. is a Physician Assistant practicing in the State of Texas and residing in the State of Texas. Defendant Bli Ray Marston may be served with process at his residence located at 304 N. Gonzales St., Cuero, Texas 77954.

1.08    Defendant Crossroads Healthcare Management, LLC is a Texas limited liability company and may be served with process by serving its registered agent, Corporation Service Company, 800 Brazos, Austin, Texas 78701.

1.09    Defendant Manus, Inc. is a corporation duly organized under the laws of Texas who may be served with process by serving its registered agent, Raymond H. Reese, 130 Northwood Drive, Cuero, Texas 77954.

1.10    Defendant Nixon Med Group, Inc. is a corporation duly organized under the laws of Texas who may be served with process by serving its registered agent, Raymond H. Reese, 130 Northwood Drive, Cuero, Texas 77954.

1.11    Defendant Medleg, Inc. is a corporation duly organized under the laws of Texas who may be served with process by serving its registered agent, Raymond H. Reese, 130 Northwood Drive, Cuero, Texas 77954.

1.12    Defendant Peggy Sue Stanchos, R.N. is a registered nurse practicing in the State of Texas and residing in the State of Texas. Defendant Peggy Sue Stanchos, R.N. may be served with process at her residence located at Route 1, Box 262, Cuero, Texas 77954.

## 2.00    STATUTORY NOTICE

Plaintiffs have provided notice to all Defendants pursuant to Tex. Rev. Civ. Stat. Ann. Art. 4590i § 4.01 (Vernon Pamph. 2000) that Plaintiffs intended to assert a health care liability claim arising out of the medical care rendered to Terry Shiflet.

## 3.00    JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between the Plaintiffs, who are citizens of the State of Louisiana and Defendants who are citizens of the State of Texas. This Court has personal jurisdiction over Defendants because

Defendants are citizens of the State of Texas. Venue is appropriate in this District under 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## 4.00 STATUS OF PARTIES AND DUTIES

4.01  At all times pertinent hereto, Defendant Richard A. Sawyers, M.D. was a physician practicing medicine in the State of Texas, who represented to the Plaintiff and the public at large that he was a duly licensed, competent medical doctor.

4.02  At all times pertinent hereto, Defendant Richard A. Sawyers, M.D., P.A. was a professional association organized under the laws of the State of Texas and represented to Plaintiff and to the public at large that it provided competent healthcare to Plaintiff and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents

4.03  At all times pertinent hereto, Defendant Daniel David Dugi, Jr., M.D. was a physician practicing medicine in the State of Texas, who represented to the Plaintiff and the public at large that he was a duly licensed, competent medical doctor.

4.04  At all times pertinent hereto, Defendant South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group was a professional association organized under the laws of the State of Texas and represented to Plaintiff and to the public at large that it provided competent healthcare to Plaintiff and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents.

4.05  At all times pertinent hereto, Defendant Bohman Clinic Partnership d/b/a Physicians Family Health Center was a partnership that filed a certificate in DeWitt County, Texas and represented to Plaintiff and to the public at large that it provided competent healthcare to Plaintiff and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents.

4.06 At all times pertinent hereto, Defendant Bli Ray Marston, P.A. was a physician assistant licensed to practice in the State of Texas who represented to Plaintiff and to the public at large that he was a duly licensed, competent physician's assistant.

4.07 At all times material hereto, Defendant Crossroads Healthcare Management, LLC was a professional limited liability company organized under the laws of the State of Texas and represented to Plaintiffs and to the public at large that it was a competent healthcare provider and would provide appropriate healthcare to Plaintiff Terry Shiflet and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents.

4.08 At all times material hereto, Defendant Manus, Inc. was a professional corporation organized under the laws of the State of Texas and represented to Plaintiffs and to the public at large that it was a competent healthcare provider and would provide appropriate healthcare to Plaintiff Terry Shiflet and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents.

4.09 At all times material hereto, Defendant Nixon Med Group, Inc. was a professional corporation organized under the laws of the State of Texas and represented to Plaintiffs and to the public at large that it was a competent healthcare provider and would provide appropriate healthcare to Plaintiff Terry Shiflet and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents.

4.10 At all times material hereto, Defendant Medleg, Inc. was a professional corporation organized under the laws of the State of Texas and represented to Plaintiffs and to the public at large that it was a competent healthcare provider and would provide appropriate healthcare to Plaintiff Terry Shiflet and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents.

4.11 At all times pertinent hereto, Defendant Peggy Sue Stanchos, R.N. was a registered nurse licensed to practice nursing in the State of Texas who represented to Plaintiff and to the public at large that she was a duly licensed, competent registered nurse.

## 5. STATEMENT OF FACTS

5.01 On or about December 26, 2000, Terry Shiflet was brought to the Cuero Community Hospital by ambulance at 7:16 a.m. reporting that he had had scant urine output since December 25, 2000 at 4:00 p.m., radiating pain down both legs with numbness and tingling, and constipation. Peggy Sue Stanchos, R.N. was the emergency department nurse that provided care and treatment to Terry Shiflet in the emergency department at Cuero Community Hospital. Daniel Dugi M.D. was Mr. Shiflet's family practice physician and had been treating Mr. Shiflet's back pain over the last two years. Dr. Dugi was called to the Cuero Community Hospital to see his patient, Mr. Shiflet, in the emergency department. At that time, he ordered 50 mg of Demerol and Vistaril for Mr. Shiflet.

5.02 Dr. Dugi arrived in the emergency department at 7:40 p.m. to render care and treatment to Mr. Shiflet. Mr. Shiflet appears to have also been seen by Physician Assistant, Bli Ray Marston in the emergency department at that time. A foley catheter was inserted and 800 cc's of urine was obtained while an additional 500 cc's drained into the bag shortly thereafter. Dr. Dugi diagnosed Mr. Shiflet with an acute decompensated herniated disc and bladder spasm. He ordered Phenegan and Demerol for Mr. Shiflet and admitted him to the hospital. During this hospitalization, Dr. Dugi treated Mr. Shiflet with intravenous Demerol and Solu Medrol. On 12/27/00, Mr. Shiflet underwent an MRI that showed the same abnormalities at L3-4 as a previous MRI on 12/9/00, but with possible increased herniation at L4-5. The radiologist recommended that a better quality MRI be performed on a fixed unit.

5.03 On December 27, 2000, Dr. Dugi consulted with Neurologist Richard Sawyers, M.D., who had also previously treated Mr. Shiflet, regarding Mr. Shiflet's current condition. Dr.

Sawyers did not come to the hospital to evaluate Mr. Shiflet. Instead, Mr. Shiflet left the hospital to have an EMG nerve conduction velocity test performed on December 29, 2000 at Dr. Sawyers' office and returned to the hospital following the appointment. During his hospitalization, Mr. Shiflet's condition continued to deteriorate. He experienced both bowel and bladder dysfunction.

5.04 Another MRI as recommended by the radiologist was finally performed on January 2, 2001 at HealthSouth Diagnostic Center of Victoria. The next day, Mr. Shiflet was transferred to the care of a neurosurgeon at Citizen's Medical Center in Victoria where he was diagnosed with cauda equina syndrome. There, Mr. Shiflet underwent decompressive laminectomies with fusions on January 9, 2001, following treatment of a urinary tract infection.

5.05 Mr. Shiflet was released from Citizen's Medical Center on January 17, 2001 and transferred to Warm Springs Rehabilitation Hospital where he stayed until January 25, 2001. As a result of a delay in diagnosis and treatment, Mr. Shiflet now suffers from bowel, bladder and sexual dysfunction as well as lower extremity weakness and saddle anesthesia.

6. **CLAIMS FOR RELIEF**

  A. **Richard A. Sawyers, M.D.**

6.01 Richard A. Sawyers, M.D., in the course of rendering medical care to Terry Shiflet, committed acts and/or omissions which constituted negligence as that term is defined by law including, but not limited to the following:

  a. Failure to timely and appropriately examine and evaluate Mr. Shiflet when he was notified of Mr. Shiflet's symptoms;

  b. Failure to timely and appropriate recognize that Mr. Shiflet's medical condition was emergent;

  c. Failure to timely and appropriately diagnose Mr. Shiflet's symptoms as those of cauda equina syndrome;

  d. Failure to timely and appropriately institute and/or facilitate treatment for Mr. Shiflet's medical condition; and

e.  Failure to timely and appropriately consult a neurosurgeon regarding Mr. Shiflet's cauda equina syndrome.

6.02  Each and all of the foregoing acts and omissions of the above-named individual, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

**B.  Richard A. Sawyers, M.D., P.A**

6.03  Richard A. Sawyers, M.D., P.A. is vicariously liable for the acts and/or omissions of its agents, ostensible agents, servants, employees and/or representatives including, but not limited to, Richard A. Sawyers, M.D., under the provisions of respondeat superior, ostensible or apparent agency, actual agency and/or other agency principles. It is vicariously liable for its agents and employees as they committed negligent or wrongful acts or omissions while acting within the scope of their employment.

6.04  Each and all of the foregoing acts and omissions of the above-named entity, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

**C.  Daniel David Dugi, Jr., M.D.**

6.05  Daniel David Dugi, Jr., M.D., in the course of rendering medical care to Terry Shiflet, committed acts and/or omissions which constituted negligence as that term is defined by law including, but not limited to the following:

a.  Failure to timely and appropriately document a complete history and physical examination of Terry Shiflet;

b.  Failure to timely and appropriately recognize that Mr. Shiflet's medical condition was emergent;

c.  Failure to timely and appropriately diagnose Mr. Shiflet as having cauda equina syndrome;

d.  Failure to timely and appropriately institute and/or facilitate treatment for Mr. Shiflet's medical condition;

e. Failure to timely and appropriately obtain a neurosurgical consult; and

f. Failure to timely and appropriately follow radiology and neurology recommendations.

6.06 Each and all of the foregoing acts and omissions of the above-named individual, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

D. **South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group**

6.07 South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group is vicariously liable for the acts and/or omissions of its agents, ostensible agents, servants, employees and/or representatives including, but not limited to, Daniel David Dugi, M.D., under the provisions of respondeat superior, ostensible or apparent agency, actual agency and/or other agency principles. It is vicariously liable for its agents and employees as they committed negligent or wrongful acts or omissions while acting within the scope of their employment.

6.08 Each and all of the foregoing acts and omissions of the above-named entity, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

E. **Bohman Clinic Partnership d/b/a Physicians Family Health Center**

6.09 Bohman Clinic Partnership d/b/a Physicians Family Health Center is liable for the acts and/or omissions of its agents, ostensible agents, servants, employees and/or representatives, under the provisions of respondeat superior, ostensible or parent agency, actual agency and/or other agency principles. It is vicariously liable for its agents, apparent agents and employees including, but not limited to, Daniel David Dugi, Jr., M.D. and Bli Ray Marston P.A., as each committed negligent or wrongful acts or omissions while acting within the scope of their office or employment.

6.10 Each and all of the foregoing acts and omissions of the above-named entity,

singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiff

### F. Bli Ray Marston, P.A.

6.11 Bli Ray Marston, P.A. in the course of rendering care to Terry Shiflet, committed acts and/or omissions which constituted negligence as that term is defined by law including, but not limited to, the following:

- a. Failure to timely and appropriately recognize Mr. Shiflet's condition as cauda equina syndrome;

- b. Failure to timely and appropriately recognize that Mr. Shiflet's medical condition was emergent;

- c. Failure to timely and appropriately notify Dr. Dugi of Mr. Shiflet's condition; and

- d. Failure to timely and appropriately institute and/or facilitate treatment for Mr. Shiflet's medical condition; and

- e. Failure to timely and appropriately notify a neurosurgeon of Mr. Shiflet's condition.

6.12 Each and all of the foregoing acts and omissions of the above-named individual, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

### G. Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc.

6.13 Defendants Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc., in the course of rendering medical services to Terry Shiflet, committed acts and/or omissions which constituted negligence as that term is defined by law including, but not limited to, the following:

1. Failing to have properly trained medical staff available to Terry Shiflet at the time of his treatment;

2. Failing to ensure proper policies and procedures are in place in the healthcare facility;

    3.    Failing to ensure that proper policies and procedures in the healthcare facility are being followed to protect the health, safety and welfare of Terry Shiflet;

6.14 Defendants Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc., through their agents, employees and/or borrowed servants, in the course of rendering medical care to Terry Shiflet, committed acts and/or omissions which constituted negligence as that term is defined by law. Specifically, Defendants Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc. were responsible for the conduct of Daniel David Dugi, Jr., M.D. whose negligence set forth above and incorporated herein proximately caused damages and injuries to Terry Shiflet.

6.15 Defendants Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc. at all times pertinent hereto participating in a joint enterprise and/or venture. Plaintiffs reallege and incorporate by reference the allegations set forth above. As such, Defendants Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc. are jointly and/or vicariously liable for any negligent acts and/or omissions of Defendant Daniel David Dugi, Jr., M.D. while acting within the course and scope of their agency, apparent agency, and/or employment relationships and in furtherance of the joint enterprise and/or joint venture's common purpose and business pursuits.

**H.**    **Peggy Sue Stanchos, R.N.**

6.16 Peggy Sue Stanchos, R.N., in the course of rendering nursing care to Terry Shiflet, committed acts and/or omissions which constituted negligence as that term is defined by law including, but not limited to, the following:

    a.    Failure to document physical exam findings pertinent to Terry Shiflet's chief complaint of low back pain;

    b.    Failure to timely and appropriately notify an Emergency Room physician upon Terry Shiflet's arrival at the emergency room;

    c.    Failure to timely and appropriately recognize the signs and symptoms of cauda equina syndrome;

    d.    Failure to timely and appropriately institute and/or facilitate treatment for Mr. Shiflet's medical condition;

    e.    Failure to timely and appropriately notify Dr. Dugi of Mr. Shiflet's condition; and

    f.    Failure to timely and appropriately notify a neurosurgeon of Mr. Shiflet's condition.

6.17    Each and all of the foregoing acts and omissions of the above-named individual, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

## 7. DAMAGES

7.01    As a direct and proximate result of the negligent acts and/or omissions of Defendants, as set out above, Terry Shiflet permanent bladder and bowel dysfunction, lower extremity weakness , and sexual dysfunction. Terry Shiflet has incurred extensive medical expenses in the past, and in reasonable probability, will continue to incur medical expenses until his death. Plaintiff Terry Shiflet has suffered disfigurement in the past and will continue to suffer disfigurement for the balance of his natural life. Plaintiff Terry Shiflet has been caused to suffer great physical pain and suffering and mental pain and anguish in the past and in reasonable probability will continue to suffer the same for the balance of his natural life. Terry Shiflet has also suffered lost wages as well as loss of earning capacity and in reasonable probability continues to suffer the same for the balance of his natural life. Terry Shiflet has suffered great mental anguish, sorrow, and grief in the past and there is a reasonable probability that he will continue to suffer into the future. Further, Terry Shiflet has suffered loss of enjoyment of life and will in all probability continue to suffer such loss for the balance of his natural life.

7.02  Plaintiff Terry Shiflet believes and alleges that he has been greatly injured and damaged in an amount in excess of $75,000.00 exclusive of interest and costs for which he now pleads against Defendants jointly and severally.

7.03  Plaintiff Debra Shiflet has suffered damages consisting of severe emotional distress and mental anguish, both past and future; grief; loss of the companionship and society of her husband, Terry Shiflet, both past and future; all of which are in excess of $75,000.00 exclusive of interest and costs, for which Plaintiffs now plead against Defendants, jointly and severally.

7.04  Each and every negligent act and/or omission of Defendants Richard A. Sawyers, M.D., Richard A. Sawyers, M.D., P.A., Daniel David Dugi, Jr., M.D., South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group, Bohman Clinic Partnership d/b/a Physicians Family Health Center, Bli Ray Marston, P.A., and Peggy Sue Stanchos, R.N. as set forth above, constitutes malice. "Malice" when used with respect to the conduct of a healthcare provider, means an act or omission: (i) which when viewed objectively from the standpoint of the actor/doctor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) of which the actor/doctor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

## 8. JURY DEMAND

Plaintiffs demand trial by jury.

## 9. RELIEF

Accordingly, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that, upon final hearing of this cause, Plaintiffs have judgment of and from the Defendants as follows:

a. Judgment against Defendants on the actual damages;

b. Award of exemplary damages against Defendants Richard A. Sawyers, M.D., Richard A. Sawyers, M.D., P.A., Daniel David Dugi, Jr., M.D., South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group, Bohman Clinic Partnership d/b/a Physicians Family Health Center, Bli Ray Marston P.A., Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc., and Peggy Sue Stanchos, R.N;

c. Pre-judgment interest as provided by law against Defendants Richard A. Sawyers, M.D., Richard A. Sawyers, M.D., P.A., Daniel David Dugi, Jr., M.D., South Coast Health Care of Texas, P.A. d/b/a South Coast Medical Group, Bohman Clinic Partnership d/b/a Physicians Family Health Center, Bli Ray Marston P.A., Crossroads Healthcare Management, Inc., Manus, Inc., Nixon Med Group, Inc., and Medleg, Inc., and Peggy Sue Stanchos, R.N;

d. Post-judgment interest as provided by law; and

e. Costs of suit.

Respectfully submitted,

*[signature]*

William R. Edwards
State Bar No. 06465000
Southern District of Texas Bar No. 666
**THE EDWARDS LAW FIRM**
802 N. Carancahua Street, Suite 1400
P.O. Box 480
Corpus Christi, Texas 78403
(361) 698-7600 / FAX: (361) 698-7614

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

**Les Weisbrod**
State Bar No. 21104900
**Bruce W. Steckler**
State Bar No. 00785039
Southern District of Texas Bar No. 19596
**MORGAN & WEISBROD, L.L.P.**
10260 North Central Expressway, Suite 100N
Dallas, Texas 75231
(214) 373-3761 / FAX: (214) 739-4732